ZINTER, Justice
(concurring in part and concurring in result in part).
[¶ 23.] I join the Court’s opinion on the invalidity of the tax lien. With respect to attorney fees, I disagree that SDCL ch 10-59 authorizes attorney fees incurred in collateral declaratory judgment actions under SDCL ch 21-24. See supra ¶ 15. Because the Court disallows fees for other reasons, I concur in result on that issue.
[¶ 24.] South Dakota follows the American Rule under which “parties to litigation are required to pay their own attorney’s fees, absent an agreement, statute, or rule to the contrary.” Pub. Entity Pool for Liab. v. Score, 2003 SD 17, ¶ 7, 658 N.W.2d 64, 68. Farmer sought declaratory relief in this action under SDCL ch 21-24, South Dakota’s Declaratory Judgment Act. This Court has definitively determined that “[n]o provision in South Dakota’s Declaratory Judgment Act allows for an award of attorney fees to the prevailing party.” Id. ¶ 8, 658 N.W.2d at 68. Nevertheless, the Court reasons that because Farmer is a “person subject to taxes and fees imposed by SDCL ch 10-45 [sales tax,]” SDCL 10-59-1 and 10-59-34 authorize the recovery of attorney fees in a declaratory action. See supra ¶ 15.
[¶ 25.] I agree that the administrative remedies in SDCL ch 10-59 apply to Farmer because this case involves sales taxes imposed under SDCL ch 10 — 45. As the Court correctly observes, SDCL 10-59-1 provides that the provisions of SDCL ch 10-59 apply to persons subject to sales tax under SDCL ch 10-45. The question, however, is whether the rights and remedies afforded in SDCL 10-59-34 include an award of attorney fees in a declaratory judgment action that was not brought under SDCL ch 10-59. The Court does not answer that question,[8] even though it should be answered before determining whether the State’s position was substantially unjustified. See Score, 2003 SD 17, ¶ 12, 658 N.W.2d at 70 (concluding that where a statute authorizing fees is inapplicable, there is no need to decide whether the offending party’s actions warranted an award of attorney fees).
[¶ 26.] SDCL 10-59-34 only authorizes the recovery of attorney fees if the losing party has taken a substantially unjustified position in an “audit, hearing, or appeal,” and then, the fees are limited to the “fees associated with the hearing or appeal.” (emphasis added.) Because this case did not involve an audit, we must determine whether a declaratory action under SDCL ch 21-24 is the type of “hearing or appeal” in which SDCL 10-59-34 authorizes attorney fees. The text of SDCL ch 10-59 and SDCL 10-59-34 reflect that a collateral declaratory judgment action is not the type of hearing or appeal in which attorney fees are authorized under SDCL 10-59-34.
[¶ 27.] SDCL ch 10-59 governs the administrative collection, contest, and refund of taxes under the jurisdiction of the Department. No provision in this chapter contemplates declaratory relief in circuit *664 court. On the contrary, SDCL ch 10-59 only authorizes administrative remedies. Those remedies include investigations, audits, assessments, distress warrants; and as relevant in this case, “contested case hearings” before the Secretary of Revenue and direct “appeals” from contested case hearings under the Administrative Procedures Act, SDCL ch 1-26 and ch 1-26D.[9] Consequently, it seems clear that the “hearings and appeals” referred to in SDCL 10-59-34 are limited to those administrative hearings and appeals conducted pursuant to SDCL chs 1-26 and 1-26D. After all, the only provisions of SDCL ch 10-59 that authorize any “hearings and appeals” are: SDCL §§ 10-59-9 (authorizing “hearings and ... [direct] appeals [to circuit court] taken pursuant to the provisions of chapters 1-26 and 1-26D”); 10-59-22.1 (providing that taxpayers may request a “contested case hearing before the secretary,” and any such hearing and appeal shall be conducted “pursuant to the provisions of chapters 1-26 and 1-26D”); and 10-59-26 (authorizing “appeals before an impartial hearing examiner”). All of these references to “hearings and appeals” in SDCL ch 10-59 reflect that this collateral action for declaratory relief, not commenced under SDCL ch 10-59, is not the type of SDCL ch 1-26 “hearing or appeal” in which attorney fees are authorized by SDCL 10-59-34.
[¶ 28.] Because this action for declaratory relief collaterally attacking the validity of a tax lien was not the type of “hearing or appeal” contemplated by SDCL 10-59-34, that statute did not authorize an award of attorney fees in this case. Consequently, as previously noted in an analogous case, “there is no need to decide whether the [offending party’s] actions [warranted an attorney fee award].” Score, 2003 SD 17, ¶ 12, 658 N.W.2d at 70.

. The Court’s analysis is premised solely on the language in SDCL 10-59-1 providing that “the provisions of SDCL ch 10-59 apply to ... persons subject to [sales] tax See supra ¶ 15 (emphasis added). The Court, however, never discusses the dispositive question whether the language of the specific statute governing fees in SDCL ch 10-59 (SDCL 10-59-34) is broad enough to authorize an award of attorney fees in a collateral declaratory judgment action.

. SDCL ch 10-59 also authorizes collection actions, but only by the Department. See SDCL 10-59-15.